UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SANUDO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>FRED FOULK,<br><br>　　　　　Respondents. | No.  2:14-cv-00068 GEB AC P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATION |

  Petitioner is a state prisoner who proceeds through counsel in this petition for writ of habeas corpus pursuant to 28 U .S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Pending before the court is petitioner's motion to stay and abey his petition (ECF No. 4), respondent's opposition (ECF No. 14), and petitioner's reply (ECF No. 16).  For the reasons discussed below, the undersigned recommends that petitioner's motion for a stay be granted.

I. Procedural History

  Petitioner and his co-defendant Aaron Ouellette were convicted following a jury trial in the Sutter County Superior Court of first degree murder; robbery; participation in a criminal street gang; and simple assault.  The jury also found true the special circumstance that the murder was committed during the course of a robbery.  Petitioner was sentenced to life without parole for the first degree murder count, with the remaining penalties stayed under California Penal Code § 654.

  The California Court of Appeal affirmed the convictions on August 10, 2012.  ECF No.

1

1-4 at 7-41 (direct appeal opinion).  A petition for review was denied by the California Supreme Court on November 14, 2012.  ECF No. 1-4 at 47.

A habeas petition concurrently filed with petitioner's direct appeal in the California Court of Appeal was denied without prejudice to refiling it in the trial court after disposition of his pending appeal.  See ECF No. 1-4 at 5 (California Court of Appeal docket sheet).  Following the court's direction, petitioner subsequently filed a state habeas petition in the Sutter County Superior Court on November 13, 2013 raising three separate challenges to the effectiveness of his trial counsel.  See Lodged Doc. No. 7.  On November 25, 2013, that petition was denied in a one page order finding that counsel's challenged conduct would not have changed the outcome at trial.  See Lodged Doc. No. 8.  Petitioner next filed this same habeas petition in the California Court of Appeal on December 20, 2013.  See Lodged Doc. No. 9.  It was denied in a postcard denial on January 9, 2014.  See Lodged Doc. No. 10.  Lastly, petitioner filed a state habeas corpus petition in the California Supreme Court on January 15, 2014.  See Lodged Doc. No. 11.  That petition remains pending in the California Supreme Court.  See Lodged Doc. No. 12 (California Supreme Court docket sheet).

On January 10, 2014, petitioner, through counsel, filed a federal habeas corpus petition raising various claims of jury instructional error, sufficiency of the evidence challenges, and ineffective assistance of trial counsel claims.  ECF No. 1-2 (Points and Authorities in Support of Petition for Writ of Habeas Corpus).

II.   Motion for a Stay

Contemporaneously with the filing of the instant habeas petition, counsel for petitioner filed a motion to hold the petition in abeyance pending the exhaustion of his ineffective assistance of trial counsel claims in the California Supreme Court.[1]  ECF Nos. 1-5; 3 at 2-4.  The motion itself does not specify whether petitioner is seeking a stay pursuant to Rhines v. Weber, 544 U.S.

---

[1] These claims are based on counsel's: 1) failure to focus on the lack of petitioner's intent to kill during closing argument; 2) failure to have Daisy Chavez testify that the co-defendant called her after the offense and told her that it was all his fault and that petitioner had nothing to do with it; and, 3) failing to argue at sentencing that petitioner's punishment should be reduced under People v. Dillon to avoid unconstitutional punishment.

1  269 (1995), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).[2]  Petitioner's reply to respondent's
2  opposition further confuses these two distinct methods for obtaining a stay without actually citing
3  to either case.  Compare ECF No. 15 at 3 (citing Wooten v. Kirkland, 540 F.3d 1110 (9th Cir.
4  2008) and the three-prong standard for obtaining a stay developed in Rhines) with ECF No. 15 at
5  4 (stating that "[p]etitioner agrees with respondent that the three unexhausted claims must be
6  dismissed… until… exhausted and then re-combined into a single Second Amended Petition"
7  which amounts to a stay pursuant to Kelly).  Accordingly, the court must explain both procedural
8  mechanisms and then determine, without any assistance from petitioner's counsel, whether the
9  standard for either one has been met.[3]

10  III.    Opposition to a Stay

11  On February 11, 2014, respondent filed an opposition to the motion for a stay arguing that
12  the petition as a whole should be dismissed without prejudice as a mixed petition or amended to
13  delete the unexhausted claims.  ECF No. 13 at 1.  Respondent contends that the entire habeas
14  petition is prematurely filed because it contains three unexhausted ineffective assistance of
15  counsel claims.  Id. at 4.  With respect to the request for a stay, respondent asserts that petitioner
16  cannot establish good cause pursuant to Rhines v. Weber, 544 U.S. 269 (2005), because there is
17  no explanation for petitioner's twelve month delay in filing his first state habeas petition
18  following the end of direct review.  Id. at 5.  Respondent insists that all of petitioner's claims
19  "were based on either the trial court record or information available to petitioner before trial or
20  shortly thereafter."  Id.  For all these reasons, respondent requests that the motion for a stay be
21  denied.

22  IV.    Governing Legal Principles

23  Habeas petitioners are required to exhaust state remedies before seeking relief in federal
24  court.  28 U.S.C. § 2254(b).  The exhaustion doctrine ensures that state courts will have a

---

[2] Kelly was overruled in part on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007).  However, its stay and abeyance procedure remains available.  King v. Ryan, 564 F.3d 1133, 1139 & n.4 (9th Cir. 2009).

[3] Counsel for petitioner is reminded that the rule of liberal construction only applies to pro se pleadings.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

3

meaningful opportunity to consider allegations of constitutional violation without interference from the federal judiciary. Rose v. Lundy, 455 U.S. 509, 515 (1982). Exhaustion requires fair presentation of the substance of a federal claim to the state courts. Picard v. Connor, 404 U.S. 270, 276, 278 (1971). In order to exhaust state remedies, a federal claim must be presented to the state's highest court which is the California Supreme Court. Castille v. Peoples, 489 U.S. 346 (1989).

Federal district courts may not adjudicate petitions for habeas corpus which contain both exhausted and unexhausted claims. Rose, 455 U.S. at 518–19. However, that does not mean that a mixed petition must be dismissed. After the enactment of the AEDPA and its creation of a one year statute of limitations for filing federal habeas petitions in 1996, the Supreme Court recognized the procedural trap that is created by the total exhaustion rule. "As a result of the interplay between AEDPA's 1–year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines, 544 U.S. at 275. Therefore, pursuant to Rhines, 544 U.S. at 277-78, a federal petition containing both exhausted and unexhausted claims may be stayed only if (1) petitioner demonstrates good cause for the failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not been dilatory in pursuing the litigation.

Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. King v. Ryan, 564 F.3d 1133, 1135 (citing Kelly, 315 F.3d at 1070-71). Once the additional claims have been exhausted, the petitioner may then amend his federal petition to add them to the original petition if they are not time-barred. Id. at 1135, 1140-41. While a Kelly stay does not require petitioner to show good cause for his failure to exhaust state court remedies, this three-step stay and abeyance creates a trap of its own.[4] See King, 564 F.3d at

---

[4] Even the Ninth Circuit has recognized as much. See Jackson v. Roe, 425 F.3d 654, 661 n. 10 (9th Cir. 2005) (noting "in passing that because Rhines has now authorized stays of mixed petitions, albeit in limited circumstances, the [Kelly] three-step procedure may fall into disuse. (continued…)

4

1135 (recognizing that under the Kelly procedure a petitioner will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles."). The Kelly procedure survives Rhines, and petitioner may seek either form of stay and assume the attendant risks. Id. at 1143. The district court also has the discretion to implement stay-and-abeyance under Kelly where the standard for a Rhines stay is not met, and outright dismissal could render it unlikely or impossible for petitioner to return to court within the limitations period. Id.

IV.     Analysis

Here, all of petitioner's claims except his ineffective assistance of counsel claims were properly exhausted at the time that he filed the instant federal habeas corpus petition. Counsel for petitioner seeks a stay in order to properly exhaust the remaining three ineffective assistance of trial counsel claims without running afoul of the one year statute of limitations. The only way to avoid that potential pitfall is by seeking a stay pursuant to Rhines v. Weber, supra. Therefore, this court will first determine whether a Rhines stay is appropriate in the present proceedings.

While respondent is correct that petitioner completely failed to articulate any good cause for a stay in the original motion, that defect was remedied in petitioner's reply. See ECF No. 15 at 6 (Affidavit of Steven C. Sanders). In his affidavit, counsel for petitioner indicates that he spent the time between the conclusion of direct review and the filing of petitioner's first state habeas petition thoroughly combing the trial record, not just once but twice, for potential errors. Id. Counsel's desire to not abandon any potentially meritorious claims in state post-conviction proceedings should not now be used against him to forfeit unexhausted claims in federal court. Moreover, the time between conclusion of direct review and the filing of the first state habeas

---

Not only does the three-step process seem unnecessarily cumbersome after Rhines, but also the Supreme Court's recent decision in Mayle, imposing stricter limitations than previously required by this court for amendments to relate back to the original filing date, is likely to make our former approach less useful for petitioners in many instances.").

1 petition was not unreasonable for this purpose.  Petitioner's explanation is sufficient to establish
2 both good cause and an absence of intentional delay under Rhines.  See Blake v. Baker, ___ F.3d
3 ___, 2014 WL 983623 at *4 (9th Cir. 2014) (explaining that "[w]hile a bald assertion cannot
4 amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a
5 petitioner's failure to exhaust, will.").

6      Accordingly, the only remaining issue is whether the unexhausted claims are potentially
7 meritorious.  Rhines, 544 U.S. at 277-78.  This court's preliminary review of the ineffective
8 assistance of counsel claims in the petition, combined with the additional evidence submitted
9 along with the petition, indicate that these claims are colorable and deserve further consideration
10 on their merits once they are exhausted in state court.  See ECF No. 1-3 at 4-61 (affidavit of
11 Daisy Chavez and additional evidence which should have been submitted to the trial court for
12 sentencing mitigation purposes); see also Gonzalez v. Wong, 667 F.3d 965 (9th Cir. 2011)
13 (explaining why a Brady claim is "colorable or potentially meritorious" to justify a stay pursuant
14 to Rhines).  Petitioner has met all of the requirements for a stay pursuant to Rhines v. Weber.
15 Therefore, the instant federal habeas corpus petition should be stayed and held in abeyance
16 pending exhaustion of the ineffective assistance of trial counsel claims in the California Supreme
17 Court.

18      In light of the fact that the court has determined that petitioner meets the standard for a
19 stay pursuant to Rhines, it is unnecessary to address whether a stay pursuant to Kelly is
20 appropriate.

21      Accordingly, it is ORDERED that petitioner's motion to file an over-sized brief in support
22 of his federal habeas corpus petition (ECF No. 4) is granted.

23      IT IS FURTHER RECOMMENDED that:

24      1. Petitioner's motion to stay the petition (ECF No. 3) be GRANTED;

25      2. Respondent's motion to dismiss petitioner's federal habeas corpus application without
26 prejudice (ECF No. 13) be denied;

27      3. Petitioner be directed to inform this court and file a request to lift the stay within thirty
28 days of a decision by the California Supreme Court concluding state court habeas review.  Failure

1  to timely inform the court will result in dismissal of the federal petition; and

2      4. The Clerk be directed to administratively close this case for purposes of case status

3  pending exhaustion.

4      These findings and recommendations are submitted to the United States District Judge

5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6  after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties.  Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

9  objections shall be filed and served within fourteen days after service of the objections.  The

10 parties are advised that failure to file objections within the specified time may waive the right to

11 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12 DATED: April 4, 2014

13                     /s/ Allison Claire

14                     ALLISON CLAIRE
                    UNITED STATES MAGISTRATE JUDGE